No. 13,317.

ESTATE OF PENCE.

POLLARD ET AL. *v.* ROSS, ADMINISTRATOR ET AL.

(42 P. [2d] 199)

Decided November 26, 1934.

On rehearing original opinion adhered to March 4, 1935.

Mr. RALPH G. LINDSTROM, Mr. JOHN M. KEATING, Mr. JOHN W. SHIREMAN, Mr. N. L. COMSTOCK, for plaintiffs in error.

Mr. ROBERT B. GAYLORD, Messrs. BENEDICT & PHELPS, Mr. BENJAMIN E. SWEET, for defendants in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Mary Elizabeth Pence, died testate in the state of California, November 10, 1927. By her will, she made bequests in the sum of $10,000 each to three charitable institutions, two of which are defendants in error. She gave the residue of her estate to her husband. Testatrix made a first codicil to her will, whereby she gave all the property—which she had by the will devised and bequeathed to her husband—to the three charitable institutions in addition to the legacies first given them by the will, this in the event of his death before that of testatrix. He died first.

There is no power or direction to sell real estate, or any provision for conversion of same into money, or any provision for the distribution of the residue in money form, in either the will or the codicils. The will was probated in California, and later, as a foreign will, was probated in Colorado, the location of one parcel of improved real estate. The Colorado administrator proceeded with the administration of the estate and gave notice that he would present his final report and ask for discharge May 27, 1932. On the day of final settlement, two petitions for distribution were presented to the court, one by plaintiffs in error and the other by the defendants in error. The court dismissed the petition of plaintiffs in error, granted the petition of defendants in error, and entered its decree, which we are now asked to reverse.

The contentions of the parties are not complicated. The defendants in error claim under the terms of the will and codicil. Plaintiffs in error claim under a California statute, which limits bequests to charitable or educational institutions under certain conditions, and, relying upon the doctrine of equitable conversion, they insist the Colorado real estate must be treated as money, and distribu-

tion made to them. With this contention of plaintiffs in error, we are unable to agree.

The language of both will and codicil is clear. The seventh paragraph of the will is:

"Seventhly: I give, devise and bequeath all the residue and remainder of the estate and property of every character and nature of which I may die possessed, unto my husband, Kingsley A. Pence."

The first paragraph of the codicil reads:

"First: In case my husband, Kingsley Adolphus Pence, is not living at the time of my death, the property given to him in said will, I give, devise and bequeath, share and share alike, to,—

"(1) The Central Trust Company of Chicago, Illinois, for The Chicago Home for Incurables,—

"(2) The Womans American Baptist Home Mission Society, with headquarters in Chicago, Illinois,—

"(3) The Berkeley Baptist Divinity School, located at Berkeley, California,—

"All the above bequests to be in addition to, and upon the same terms and conditions as the bequests already given to them in my last will and testament."

The intention of the testatrix is so clearly apparent that the language used needs no judicial construction. A part of the residuary estate is real property in Colorado, subject to the laws of Colorado alone as to descent, and the construction of a will affecting it must be governed by the laws of that state. As such, it would have been taken by the husband had he survived the testatrix. The codicil unmistakably provides, in the event of the husband's death, that defendants in error take his place as the recipients of the property devised to him by the will. Legally, they can occupy this position as well as the husband. It then follows that the undivided real estate, as such, would pass to defendants in error, share and share alike. By the will or codicil, which govern, no conversion is suggested. There is no express power to sell, no direction to convert into money. No necessity to

sell to carry out the provisions of the will and no blending of personalty with the real estate is shown. Reliance upon equitable conversion can be had only when one or more of these elements is present. The doctrine cannot be invoked unless it becomes necessary in order to execute the plain provision of the will. Such necessity is absent here.

The order of distribution as made by the trial court was right and its judgment is affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE HILLIARD dissent.

MR. JUSTICE CAMPBELL not participating.